UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLINT MCELROY,

  Plaintiff,

CASE NO.:

-VS-

SANTANDER CONSUMER USA, INC.

  Defendant.

_____/

**COMPLAINT**

COMES NOW Plaintiff, CLINT MCELROY, by and through the undersigned counsel, and sues Defendant, SANTANDER CONSUMER USA, INC. and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like SANTANDER CONSUMER USA, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.  "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.  According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Sarasota County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota, Sarasota County, Florida.

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

12. Defendant, Santander, is a corporation with its principal place of business located at 1601 Elm St., Suite 800, Dallas, TX 75201 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Rd., Plantation, FL 33324.

13. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) *** - 1066, and was the called party and recipient of Defendant's hereinafter described calls.

15. In or about August of 2016, Plaintiff began receiving telephone calls to his aforementioned cellular telephone number from Defendant seeking to recover an alleged debt.

16. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (888) 222-4227, and when that numbers are called, a pre-recorded message answers "Thank you for calling Santander Consumer USA, please be aware that calls are monitored and recorder for quality assurance purposes."

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received from Santander.

18. Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

19. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

20. On or about September 20, 2016, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number, met with an automated message, held the line and was eventually connected to a live representative, and informed an

agent/representative of Defendant that he was aware of the due date of his vehicle loan; thus, he did not need a daily reminder, and demanded that they cease calling his aforementioned cellular telephone number.

21. During the aforementioned phone call with Defendant, on or about September 20, 2016, Plaintiff unequivocally revoked any express consent Defendant had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

22. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

23. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

24. Additionally, on or about October 21, 2016, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an automated message, held the line and was eventually connected to a live representative, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

25. The Plaintiff's repeated requests for the harassment to end were ignored.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express

consent the Defendant may have had to call her aforementioned cellular telephone number.

27. On at least five (5) separate occasions, Plaintiff answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

28. From approximately September 20, 2016 through the filing of this Complaint, Defendant has placed approximately one-hundred and fifty (150) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of eighty-one (81) calls received from September 20, 2016 through December 20, 2016).

29. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals, just as it did to the Plaintiff's cellular telephone in this case.

31. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

32. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals informing the Defendant that they do not wish to be called.

33. Defendant has had numerous complaints from consumers against them across the country asking not to be called; however, the Defendant continues to call the consumers.

34. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

35. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

36. Defendant a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

37. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

38. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

39. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

40. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

43. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and her cellular phone services.

44. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, distress and aggravation.

## COUNT I
**(Violation of the TCPA)**

45.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

46.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

47.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant SANTANDER CONSUMER USA, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA)**

48.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

49.     At all times relevant to this action, Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of her or her family with such frequency as can reasonably be expected to harass the alleged debtor or his or her family.

51. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of his or her family.

52. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant SANTANDER CONSUMER USA, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/*Octavio Gomez*
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
TGomez@ForThePeople.com
Florida Bar #: 0338620
Attorney for Plaintiff